# Bird *vs*. Thornburgh.

## ERROR TO THE HARDIN CIRCUIT.

### *School. Articles. Construction. Evidence.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

*Statement of the case.*

THIS Writ of Error is prosecuted for reversing a judgment of the Circuit Court, on an appeal from the decision of a *Justice*, on a warrant, by which Thomas Thornburgh sought to recover from Jacob Bird twenty dollars, claimed upon a covenant purporting to have been executed by Thornburgh, as one party, and by Bird and several other persons, as the other party, stipulating that Thornburgh would teach for one year, an English school, at a designated place, and in consideration thereof, that each of the persons constituting the other party, should pay severally for each scholar subscribed by him, two dollars and fifty cents, per quarter, payable monthly if required. And also containing the following agreement to wit: "either party can discontinue the school at the end of any quarter."

*Decisions of the Circuit Court.*

On the trial in the Circuit Court, after the covenant had been read, and which showed that Bird had subscribed two scholars, the Circuit Judge, without any other evidence, instructed the Jury, that Thornburgh was entitled to recover twenty dollars, and refused to permit Bird to prove, either that he had never sent any scholar to be taught by Thornburgh, or that Thornburgh had wholly failed to comply with "the writing sued on;" both of which facts Bird offered to prove. Thornburgh consequently obtained a verdict and judgment for twenty dollars, and legal interest on each quarterly instalment of five dollars, as it became payable, according to the covenant.

*Stipulation that the School Master will teach, at a place designated &c. is a condition, the perfor-*

The true constructive effect of the contract may not, in all respects, be perfectly clear. But there can, we think, be no difficulty in determining that performance, or some equivalent act by Thornburgh, for a quarter of a

year, if he sought quarterly compensation, or for a month, if he demanded monthly payment, was indispensable to his right to coerce any such payment, and that if he totally failed on his part, without the fault of the other party, he can have no cause of action.

The Circuit Judge, therefore, erred in instructing the Jury that Thornburgh had a right to recover, without any other proof than the exhibition of the contract, and the Jury also erred in charging interest without any proof as to the commencement of the school; which alone, could determine when each instalment became payable: And it is evident, as a necessary deduction, that there was error also, in the refusal to permit Bird to prove a total non-performance by Thornburgh.

But there was not, in our judgment, any apparent error in refusing to permit Bird to prove that he had never sent a scholar to Thornburgh. Such proof could not have shown that there was no cause of action; for if Thornburgh had taught, or properly offered to teach a school for a year, or had actually taught for one quarter or even one month, he might have been entitled to an action for something, against Bird, even though he had never sent either of the pupils he had subscribed.

Nor does it appear that the rejected testimony, which we are now considering, could have been entitled, *per se*, to the effect of reducing the amount of recovery.

If Thornburgh performed his undertaking, by teaching the school for one year, he may be entitled to recover as much as he would have a right to claim if Bird had sent his two subscribed pupils during every day of the school. Bird had no right to exonerate himself from any portion of his liability for the whole time, during which the school was continued according to the covenant, by merely discontinuing his patronage at the end of any quarter. According to the literal, and as we are disposed to think, the legal effect of the privilege reserved at the close of the agreement, it was a discontinuance of the *school*—either by the teacher or by a majority of the patrons constituting the other party to the covenant—and not the discontinuance of a *scholar*, at the end of a quarter, which was intended by the provision that "*either party* can discon-

---

BIRD
*vs*
THORNBURGH.

mance whereof, or a tender thereof, he must show, and employ'r may disprove—

In such case, school having been taught, subscriber is bound whether he sent or not.

In school articles signed by several employers—*either party*, in the stipulation "that either party can discontinue the school at the end of any quarter," means the teacher, or a *majority* of the employers.

tinue the *school* at the end of any quarter." As the covenant had recited that Thornburgh was one party, and all the subcribers collectively, the other party, "*either party*," seems to import, either Thornburgh, who was one party, or the subscribers, who, altogether, constituted the other party. And moreover, to discontinue *the school*, literally imports more than to discontinue the sending of the pupil or, pupils subscribed by any one of the patrons: and consequently, as the conduct of the collective party must be governed by the will of a majority of the persons constituting that party, such a majority, and no less a number, had the right "to discontinue the school at the end of any quarter:" and, therefore, whilst the school was continued during the conventional year, no one subscribing patron could, in virtue of any right reserved by the contract, reduce his liability by declining, at the end of "*any quarter*," to send to the school, the pupil or pupils for whom he had covenanted to pay at a prescribed rate.

In the above case one subscriber is not exonerated, nor his responsibility reduced by discontinuing his scholar.

And if Thornburgh performed his covenant by teaching the school for one year, the principle recognized in the case of *McAllister et al.* vs *Chamberlain*, 6 *Dana*, 352, does not, in our opinion, apply to this case, so as to effect the measure of recovery; for though the performance of Thornburgh's covenant was necessarily a continuous act, or series of acts, nevertheless, as the covenant shows that he undertook to teach for a year, for the aggregate sum subscribed and payable distributively by all of the several covenanting patrons, he did, by superintending the school and teaching for one year, according to his covenant, actually perform all he covenanted to do, (that is, to teach the school,) and was therefore, entitled to the whole of the aggregate consideration; and we are not even authorized to presume that his services were less onerous, or his attendance on the school less constant, in consequence of the non-attendance of the two pupils subscribed by Bird, or that he was thereby enabled to make profit by any other pursuit, for which he might not have had equal leisure had those two pupils attended the school every day. This does not, therefore, seem to be a case of special damage.

The only errors perceived in the record are, therefore: 1st. The misinstruction as to the right of action without some proof of performance by Thornburgh, and: 2nd. The improper refusal to permit Bird to prove that there had been a total non-performance by Thornburgh. And, for these errors, the judgment is reversed and the cause remanded for a new trial.

*Allen & Craddock* for plaintiff.